CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/28/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:21-cr-14 |
| v. | |
| IMESHA DENISE BRITTINGHAM, | ORDER AND OPINION |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on Defendant Imesha Denise Britingham's motion at Dkt. 26 to modify the Court's protective order, Dkt. 7. Defendant objects to the scope of the protective order, which does not specify the discovery materials to which it applies, but broadly applies to the entirety of the Government's disclosures. *See* Dkt. 7. The Court took this motion under advisement because of the unusual course of this case: the Court had scheduled a guilty plea hearing at defense counsel's request, then Defendant did not appear at the plea hearing, and, at a show cause hearing shortly afterwards, the Defendant represented that she had not agreed to plead guilty. *See* Dkt. 41, 45, 47, 49. The case is now set for trial from August 16–18, 2022. *See* Dkt. 51.

Judge Cullen recently ruled on the precise issue presented here in *United States v. Gray*, 2022 WL 822173 (W.D.Va. March 18, 2022) (Cullen, J.), holding that an essentially identical protective order entered in that case was overbroad, but that good cause existed for protection of at least some of the materials at issue, and ordered the Government to "specifically nam[e] the discovery materials" for which it believed that good cause existed.

To reiterate that holding: in a criminal case, a defendant has a right to discovery. The Government is constitutionally required to provide the defendant with the materials mandated by

1

*Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The Jencks Act requires the Government to provide statements made by a government witness prior to any cross examination. 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. But, beyond these self-executing obligations, "[t]here is no general constitutional right to discovery in a criminal case[.]" *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

However, as a legislative matter, Congress crafted Federal Rule of Criminal Procedure 16 and imposed additional disclosure obligations on the Government (and on defendants) in a criminal case. *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 788 (1st Cir. 1988) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31–32 (1984)). Rule 16 requires that the Government provide a defendant with their own statements and criminal history and grants a defendant access to physical evidence and expert reports. *See* Fed. R. Crim. P. 16(a).

But under Rule 16(d), the Court can issue protective orders to restrict or limit discovery, provided that "good cause" exists for so doing. *See id.* ("At any time the court may, for good cause, deny, restrict, or defer discovery[.]"). These protective orders cannot be overly or unnecessarily broad. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *See United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) (cleaned up). The party seeking the protective order has the burden of showing that disclosure of certain information "will result in a clearly defined, specific, and serious injury." *Smith*, 985 F. Supp. 2d at 523; *see United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012) ("Good cause . . . requires a particularized, specific showing."). The court has authority to modify protective orders on a case-by-case basis. *See Bulger*, 283 F.R.D. at 53.

To be sure, "blanket protective orders may be useful in expediting the flow of pretrial discovery materials," but "they are by nature overinclusive and are, therefore, peculiarly subject

to later modification." *Pub. Citizen*, 858 F.2d at 790; *see Bulger*, 283 F.R.D. at 54 ("[B]lanket protective orders are more likely subject to modification than protective orders based upon a document by document review with a concomitant showing of good cause as to each document.").

Here, the Government moved for and the Court issued what was essentially a blanket protective order, which was not particular to discrete pieces or categories of evidence. *See* Dkt. 6, 7. The order did not restrict Defendant from reviewing any piece or category of evidence, but only restricted the manner in which she could review them. *See* Dkt. 7. The Government has not responded to Defendant's motion here. The Court holds that the Magistrate Judge properly found good cause to issue a protective order, but the Court will review the protective order to conform with the particularity requirement.

Thus, the Government is hereby ORDERED to specify the documents or categories of information to which it believes the protective order should apply by Friday, August 5, 2022 at 5:00 p.m. Because of the time that has passed since this motion was filed, and the relatively short time until trial, Defendant may also supplement her previous motion to reflect any circumstances that have changed since its filing. To that extent, Defendant's motion is GRANTED in part.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

Entered this 28th day of July 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE